# CIRCUIT COURT OF BALTIMORE CITY.

Filed February 14, 1906.

STEWART BROWN, EXECUTOR, ETC.,

VS.

SAFE DEPOSIT AND TRUST COMPANY ET AL.

*W. Burns Trundle* for Western National Bank.

*Beverly W.* and *George T. Mister* for Lillian T. Larrabee et al.

*John Hinkley* for Clinton Larrabee et al.

*Arthur George Brown* for Safe Deposit and Trust Company, trustee.

*Stewart Brown* for plaintiff.

DENNIS, J.—

(1) The general rule is well established that when for any reason a devise or bequest fails, and there is no limitation over, but there is a general residuary clause, the estate undisposed of — or ineffectually disposed of — passes under such residuary clause, unless there is in the will some expressed or clearly implied intention that it should not form part of the residue.

In the will of E. Frank Larrabee the 9th clause provides as follows: "All the rest and residue of the property of every kind and description, and wheresoever situated, which shall belong to me at the time of my death, I devise and bequeath to the Safe Deposit and Trust Company, in trust, etc."

This language is as broad as it can well be made, and constitutes a true residuary clause without qualification, carrying with it the undisposed of remainder, after the contingent interests of Mrs. Innes and her children, which existed in the testator at the time of his death. There is nowhere in the will any language which expressly or by implication tends to defeat or limit the operation of the general rule. I hold therefore that this remainder in fee passed to the Safe Deposit and Trust Company, to be held upon the trusts prescribed in the will.

(2) Upon the testimony, I think the auditor's valuation of the property set aside to produce the annuities a fair one. A reasonable excess of income to meet possible contingencies was altogether proper. Should this surplus in time reach an amount beyond what can be considered fairly required for the purpose, it can then be distributed by the trustee, and those entitled will suffer no loss beyond at the utmost a trifling and temporary inconvenience.

(3) I think the fee allowed the counsel of the trustee was properly charged by the auditor.